AUGUST D. WITT, APPELLEE, v. GEORGE W. CALDWELL ET AL., APPELLANTS.

FILED MARCH 13, 1914. No. 17,610.

1. Appeal: CONFLICTING EVIDENCE. The evidence upon the trial of this case was in direct conflict upon every material controverted point of fact. In such case the verdict of the trial jury upon the conflicting evidence, if there is sufficient to support it, will not be molested.

2. Negligence: INSTRUCTIONS. Instructions, the substance of which is stated in the opinion, approved.

3. Briefs should be prepared in accordance with the provisions of section 8192, Rev. St. 1913, and the rules of the supreme court.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Affirmed.

Hastings & Ireland, for appellants.

Guy R. C. Read and Hugh A. Myers, contra.

REESE, C. J.

This is an action for damages resulting from a personal injury. It is alleged in the petition that plaintiff was employed by the defendants, who were partners, and who had the contract for the erection of the new courthouse in Douglas county, situated in Omaha; that, while in the discharge of his duties as the employee of defendants, and under the direction and charge of their foreman, a certain wire cable was used in connection with a block and pulley in hoisting building material to the dome of said courthouse; that, while the said work was being prose

cuted, the said wire cable became twisted, and defendants' foreman directed plaintiff to take the twist out of the cable, and which plaintiff, in obedience to said order and command, undertook to do; that in untwisting said cable it became necessary for plaintiff to take hold of the cable with his hands at or near the block through which it passed; that the hoisting apparatus, with which the loads were carried to their destination, was propelled by a steam engine, which was under the direction of the foreman, who controlled the same by signals to the engineer in charge of the engine, the signals being given by the use of a whistle blown by the foreman; that, while plaintiff was endeavoring to take the twist out of the cable with his hand in a place of danger, known to said foreman, the foreman negligently and carelessly gave the signal to hoist, without the knowledge of plaintiff, whereupon the machinery and wire were suddenly started, and plaintiff's hand was caught and drawn into the pulley by the wire cable, and he received the injury complained of, to his damage in the sum of $2,000.

Defendants answered admitting their partnership relation, their contract for the erection of the Douglas county courthouse, that plaintiff was in the employ of defendants at the time alleged in the petition, and that, while so employed, he received a slight injury; but allege that whatever injury plaintiff received was by his own contributory negligence; that the signal to hoist was not given until plaintiff gave notice to the foreman that the load was ready to hoist, and when the machinery was started plaintiff carelessly and negligently placed his hand in a place of danger, and by reason of his own carelessness the slight injury was inflicted. The assumption of risk and the act of plaintiff's fellow servant were also pleaded, as was a denial of all negligence on the part of defendants. Plaintiff replied in general denial. A jury trial was had, which resulted in a verdict in favor of plaintiff for the sum of $1,500, on which a judgment was rendered. Defendants appeal.

It is shown by the evidence that plaintiff was directed
to untwist a wire cable which had become twisted very
near the block or pulley through which it had to pass in
hoisting the load of material to its destination in the
dome of the building then being constructed; that plain-
tiff was directed by the foreman to untwist the cable,
and, while doing so, the machinery was suddenly started
up, and his hand was caught by the wire, drawn into the
block, and so injured as to require the amputation of the
thumb, which, according to his testimony, rendered him
unable to follow the vocation of horseshoer, which ap-
pears to have been his trade. The evidence of what oc-
curred at the time of the accident was in direct conflict.
On the part of the plaintiff, it was to the effect that he
was directed to untwist the cable, and which he was do-
ing, when the foreman, without warning or notice to him,
gave the signal to the engineer for a quick hoist; that
plaintiff did not hear the signal; that the machinery was
suddenly started, jerking or drawing his hand into the
block and seriously injuring it. It must be conceded that,
if that testimony was correct, the action of the foreman
was without the exercise of due or proper care, and de-
fendants would be liable for any injury plaintiff may have
received, if he were free from negligence himself. A dif-
ferent theory was presented by the defense, to the effect
that the danger was open and apparent, and by the exer-
cise of reasonable care on the part of plaintiff all acci-
dent would have been avoided; that the foreman did not
give the signal to hoist until informed by plaintiff and
his fellow servant that the defect in the cable had been
corrected, and that the hoist could be made; that, when
so informed, and not until then, the foreman gave the
signal to the engineer to hoist; that plaintiff negligently
and carelessly retained his hold upon the cable and al-
lowed his hand to be drawn into the block. This pre-
sented a question peculiarly for solution by the jury.
They were the judges of the convincing force of the
testimony of the witnesses, and the court could not then,
nor can we, take the questions of fact from the jury and

hold that the verdict was not sustained by sufficient evidence. This must dispose of the assigned errors of the district court in refusing to direct a verdict in favor of defendants at the close of plaintiff's evidence, and also after the close of the whole evidence.

It is contended that the district court erred in giving instructions numbered 5, 8, 10 and 14 upon its own motion. The giving of these instructions was severally assigned for error in the motion for a new trial, but we are unable to find any specific discussion of them in appellants' brief. The fifth is, in substance, that the burden of proof is upon plaintiff to establish negligence on the part of defendants by a preponderance of the evidence, and that to recover he must prove, first, that he was injured at the time and place substantially as alleged in the petition; second, that defendants were negligent in giving the signal to the engineer to start the hoisting apparatus while plaintiff was in the act of untwisting the wire cable ropes attached to the block; and, third, that defendants' negligence was the proximate cause of plaintiff's injury. The eighth instruction is that negligence is not presumed, but must be proved, not necessarily by direct evidence, but facts must be established from which a reasonable inference of negligence arises; if not, negligence is not proved. The above is amplified in a later part of the instruction, but we can perceive no infraction of any rule of law therein. The tenth is that, if plaintiff gave the signal to the foreman for the movement of the engine, which resulted in plaintiff's injury, he could not recover, and the verdict should be for defendants. The fourteenth is simply a direction for the jury to select a foreman and sign the verdict which conforms to their finding. We are unable to detect any reversible error in these instructions. It is also assigned that the jury failed to follow instructions numbered 6, 7, 9 and 11. These instructions are general ones usually given upon the subjects involved in the case, and properly directed the minds of the jury to the issues presented, leaving it to the jury to apply the law to such facts as they might find proved. Our attention is

not directed to any error requiring a reversal of the judgment.

We desire, again, to call attention to section 8192, Rev. St. 1913, and to the rules of this court governing the matter of the preparation of briefs. While appellants' brief in this case shows much labor and care in its preparation, it is more of a general classification of subjects, with citations of authorities, than a brief upon the particular questions involved in the case.

The judgment of the district court is

AFFIRMED.